**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DENISE MURDOCK and MYRTLE MURDOCK,

Plaintiffs,

v. Case No. 2:15-cv-00268-SPC-CM

SANTANDER CONSUMER USA INC. and AMERICAN RECOVERY SPECIALISTS, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FLORIDA, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FT. MYERS, INC.,

Defendants.
_________________________________/

**VERIFIED AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW the Plaintiffs, DENISE MURDOCK and MYRTLE MURDOCK ("Plaintiffs"), by and through the undersigned counsel, and file this Verified Amended Complaint against SANTANDER CONSUMER USA INC. ("Santander") and AMERICAN RECOVERY SPECIALISTS, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FLORIDA, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FT. MYERS, INC. ("ARS") (collectively "Defendants") and alleges:

**JURISDICTION**

1. This is an action for damages in an amount greater than $15,000.01.

2. This action arises out of Defendant Santander's violations the Florida Consumer Collection Practices Act ("FCCPA"), § 559.55 *et seq.*, and the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and Defendants' wrongful repossession, negligence, trespass to chattel, and conversion in their illegal vehicle repossession and damage to such vehicle.

3. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

4. Plaintiffs, Denise Murdock and Myrtle Murdock, are natural persons who reside in Lee County, Florida and are "consumers" as that term is defined by Florida Statute § 559.55(8).

5. Defendant, Santander Consumer USA Inc. ("Santander"), is a foreign profit corporation with a principal place of business of 8585 N Stemmons, Suite 1100-N, Dallas, TX 75247 and is a "creditor" as that term is defined by Florida Statute §559.55(5)

6. Defendant, American Recovery Specialists, Inc., also known as American Recovery Specialists of Florida, Inc., also known as American Recovery Specialists of Ft. Myers, Inc. ("ARS"), is a Florida profit corporation with a principal place of business of 3050 N. Federal Highway #208, Lighthouse Point, FL 33064.

**FACTUAL ALLEGATIONS**

7. In 2008, Plaintiff Myrtle Murdock incurred a financial obligation for the purchase of a 2007 Volkswagon Passat (the "Vehicle") that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by section 559.55(6), Fla. Stat.

8. A loan agreement for financing of the Vehicle's purchase was entered into between Myrtle Murdock as debtor and HSBC Bank ("HSBC") as creditor. Plaintiff Myrtle Murdock and her late husband, Jabez Murdock, were both listed on the title to the Vehicle. Plaintiff Denise Murdock was an authorized driver of the Vehicle, and made payments on the Vehicle directly.

9. Subsequent to the above-referenced parties entering into the loan agreement, Plaintiff Denise Murdock took possession of the Vehicle and became responsible for making all payments to under the terms of such agreement. Denise Murdock had exclusive use of the Vehicle at all times relevant hereto. Denise Murdock required the use of the Vehicle to take her to and from work, personal errands, etc. Santander accepted payments from Denise Murdock and communicated with her regarding the account.

10. Also subsequent to the parties entering into the loan agreement, HSBC sold, assigned, or otherwise transferred the account associated with such agreement to Santander. Plaintiffs did not receive any notice of assignment of debt as required by Florida Statute § 559.715.

11. Denise Murdock had not missed any payments due to HSCB under the terms of the loan agreement. Nevertheless, when the agreement was transferred to Santander, an inexplicable "late fee" for approximately $400.00 appeared on the account. Denise Murdock disputed this fee with Santander to no avail.

12. On or about February of 2012, Denise Murdock fell behind on one payment to Santander. As a result, Santander retained the services of Defendant ARS to repossess the Vehicle.

13. On or around November of 2012, Plaintiffs received a phone call from Santander indicating that if the amount allegedly in arrears on the loan was not immediately paid, including the mysterious $400.00 late fee, that the Vehicle would be repossessed. During this conversation, the Santander representative also indicated to Myrtle Murdock that her failure to surrender the Vehicle would result in Santander arranging for a "lien" to be put against her driver's license. Denise Murdock attempted to satisfy Santander's demand for payment over the phone during this conversation, *but Santander refused to take payment over the phone at that time.*

14. The following morning, ARS repossessed the Vehicle, and took the Vehicle to a location in Fort Myers, Florida.

15. After telephone conversations with both Santander and ARS, Denise Murdock paid the amounts demanded by Santander, *including the unwarranted late fee*. She also made arrangements to pick the Vehicle up from ARS's location in Fort Myers, where ARS indicated the Vehicle was being kept. However, ARS had moved the Vehicle to a location in Tampa, Florida. As a result, she was required to miss an entire day of work to travel to Tampa in order to recover the Vehicle.

16. Upon recovering the Vehicle, Denise Murdock immediately noticed that it was not in the same condition as it had been in before its repossession by Defendants.

Significant damage had been done by ARS while the Vehicle was in its custody. A repair estimate for such damage is attached hereto and incorporated by reference as **Exhibit "A"**.

17. Following this incident, Santander began repeatedly calling Denise Murdock on her cell phone to collect amounts due on the Vehicle, frequently from restricted or otherwise untraceable numbers, sometimes up to *eight to nine times per day*. These phone calls began on or around November 2012 and continued well into 2013.

18. At no point during her relationship with Santander did Denise Murdock provide Santander with express consent to be contacted on her cell phone. During the course of these phone calls, Denise Murdock repeatedly told Santander representatives that they *did not have her consent* to call her on her cell phone. Despite these representations, Santander continued such phone calls.

19. Upon information and belief, the calls placed by Santander as referenced above were made by a computerized system capable of auto-dialing. Upon answering many such phone calls, an automated voice asked Denise Murdock to "please hold for a representative."

20. On or about September 2013, Santander placed a call to Denise Murdock and told her that the Vehicle would once again be repossessed if she did not immediately pay approximately $1,200.00. As a result of Santander's misrepresentations, Denise Murdock once again immediately paid Santander to prevent the Vehicle from being repossessed.

21. Despite the payment being made, Santander retained the services of ARS to wrongfully repossess the Vehicle. The Vehicle was never returned. Upon information and belief, the Vehicle was sold to a third party subsequent to the above-referenced events.

22. No Plaintiffs, at any time, authorized or otherwise consented to any Defendants repossessing the Vehicle.

23. Defendants' illegal repossession and conversion as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiffs.

24. Plaintiffs have suffered actual damages as a result of the illegal repossession and conversion by the Defendants in the form of deprivation of property, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

25. The acts and omissions of Defendant ARS as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Santander.

26. The acts and omissions by ARS were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by Defendant Santander in collecting consumer debts.

27. By committing these acts and omissions against Plaintiffs, Defendant ARS was motivated to benefit its principal, Defendant Santander.

28. Defendant ARS is therefore liable to Plaintiffs through the doctrine of respondent superior for the intentional and negligent acts, errors, and omissions done in

violation of state and federal law by its collection employees, including but not limited to its negligence, conversion, and trespass.

29. On or about October 1, 2013, in contemplation of the instant action, the undersigned sent Defendant Santander a letter requesting the preservation of evidence. A true and correct copy of such letter is attached hereto and incorporated by reference as **Exhibit "B"**.

**COUNT I**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST DEFENDANT SANTANDER**
**Section 559.55(7), Fla. Stat.**

30. Plaintiffs incorporate by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant Santander constitute numerous and multiple violations of the FCCPA.

32. Under the provisions of § 559.72(7), Fla. Stat., Defendant was and is prohibited from willfully communicating with a debtor or any member of a debtor's family with such frequency as can reasonably be expected to harass or abuse the debtor or the debtor's family.

33. The phone calls placed by Defendant to Plaintiff, Denise Murdock, were made with such frequency that can reasonably be expected to harass or abuse the Plaintiffs.

34. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to § 559.77 from Defendant.

35. Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, the Plaintiffs, DENISE MURDOCK and MYRTLE MURDOCK, having set forth their claims for relief against the Defendant, SANTANDER CONSUMER USA INC., respectfully pray of the Court as follows:

- for an award of actual damages pursuant to Florida Statute § 559.77 for Plaintiffs;
- for an award of statutory damages of $1,000.00 pursuant to Florida Statute § 559.77 for Plaintiffs;
- for an award of costs of litigation and reasonable attorney's fees pursuant to Florida Statute § 559.77 for Plaintiffs;
- for an injunction to enjoin further abusive collection; and
- for such other relief as this Court deems just and proper.

**COUNT II**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST DEFENDANT SANTANDER**
**Section 559.55(7), Fla. Stat.**

36. Plaintiffs incorporate by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant Santander constitute numerous and multiple violations of the FCCPA.

38. Under the provisions of §§ 559.72(7), Fla. Stat., Defendant was and is prohibited

from willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

39. Defendant Santander's repossession of the Vehicle despite Plaintiff, Denise Murdock, making the required payment to avoid repossession can reasonably be expected to abuse or harass the Plaintiffs.

40. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to § 559.77 from Defendant.

41. Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, the Plaintiffs, DENISE MURDOCK and MYRTLE MURDOCK, having set forth their claims for relief against the Defendant, SANTANDER CONSUMER USA INC., respectfully pray of the Court as follows:

- for an award of actual damages pursuant to Florida Statute § 559.77 for Plaintiffs;
- for an award of statutory damages of $1,000.00 pursuant to Florida Statute § 559.77 for Plaintiffs;
- for an award of costs of litigation and reasonable attorney's fees pursuant to Florida Statute § 559.77 for Plaintiffs;
- for an injunction to enjoin further abusive collection; and

- for such other relief as this Court deems just and proper.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE CONSUMER PRACTICES ACT AGAINST DEFENDANT SANTANDER**
**47 U.S.C. § 227**

42. Plaintiffs incorporate by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of the Defendant Santander constitute numerous and multiple violations of the TCPA.

44. Under the provisions of 47 U.S.C. § 227(b)(1)(A)(iii), Defendant was and is prohibited from using any automatic telephone dialing system to make any call to any telephone number assigned to a cellular telephone.

45. Plaintiff Denise Murdock never gave Defendant express written consent to call her cellular telephone, and expressly withdrew any implied consent on numerous occasions.

46. The phone calls placed by Defendant to Plaintiff's cellular telephone were not made for emergency purposes.

47. Before such calls were placed, the Defendant was aware of the prohibitions on making such calls pursuant to the TCPA

48. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to actual monetary loss, or $500.00 in damages for each violation, and reasonable costs pursuant to 47 U.S.C. § 227 from Defendant.

49. Additionally, 47 U.S.C. § 227 provides that a court may award treble statutory damages to Plaintiffs in the event that Defendant's violations of the TCPA are

shown to have been "willful and knowing". Plaintiffs submit that Defendant's violations of the TCPA were both willful and knowing, and accordingly requests treble damages in accordance with the statute.

**WHEREFORE**, the Plaintiffs, DENISE MURDOCK and MYRTLE MURDOCK, having set forth their claims for relief against the Defendant, SANTANDER CONSUMER USA INC., respectfully pray of the Court as follows:

- for an award of treble statutory damages of $1,500.00 per phone call pursuant to 47 U.S.C. § 227, or, in the alternative, for an award of statutory damages in the amount of $500.00 per phone call pursuant to 47 U.S.C. § 227;
- for an award of the costs of filing this action;
- for an injunction to enjoin further abusive collection; and
- for such other relief as this Court deems just and proper.

**COUNT IV**
**WRONGFUL REPOSSESSION AGAINST DEFENDANT SANTANDER**

50. Plaintiffs incorporate by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant Santander constitute wrongful repossession.

52. Plaintiff Myrtle Murdock was the sole title owner of the Vehicle at all times relevant hereto.

53. As more particularly described above, Defendant Santander, acting through its agent Defendant ARS, did unlawfully obtain and remove the Vehicle from Plaintiff Denise Murdock's home in without having the right to do so.

54. Defendant Santander acted inconsistently with Plaintiff's ownership interest and rights in the Vehicle and deprived Plaintiff either temporarily or permanently of their right to the Vehicle and all benefits thereto.

55. Defendant Santander appropriated the Vehicle for its own use without any legal entitlement.

56. As more fully described above, Defendant Santander is jointly and severably liable for Defendant ARS's actions in the wrongful repossession.

**WHEREFORE,** the Plaintiffs, DENISE MURDOCK and MYRTLE MURDOCK, having set forth their claims for relief against the Defendant, SANTANDER CONSUMER USA INC., respectfully pray of the Court as follows:

- for an award of actual damages; and
- for such other relief as this Court deems just and proper.

**COUNT V**
**NEGLIGENCE AGAINST DEFENDANT SANTANDER**

57. Plaintiffs incorporate by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions of Defendant Santander constitute negligence.

59. Upon repossessing the Vehicle, Defendant ARS owed a duty to refrain from damaging or causing harm to the Vehicle.

60. Defendant ARS breached its duty by causing significant damage to the Vehicle as described in Exhibit "A" hereto.

61. Defendant ARS's breach of duty caused damages to Plaintiffs as more fully described above.

62. As more fully described above, Defendant Santander is jointly and severably liable for Defendant ARS's negligence.

**WHEREFORE**, the Plaintiffs, DENISE MURDOCK and MYRTLE MURDOCK, having set forth their claims for relief against the Defendant, SANTANDER CONSUMER USA INC., respectfully pray of the Court as follows:

- for an award of actual damages; and
- for such other relief as this Court deems just and proper.

**COUNT VI**
**TRESPASS TO CHATTEL AGAINST DEFENDANT SANTANDER**

63. Plaintiffs incorporate by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendant Santander constitute trespass to chattel.

65. Upon information and belief, Defendant ARS, as more fully described above, committed an unauthorized act in repossessing the Vehicle on or about September 2013.

66. The unauthorized act deprived Plaintiffs of their Vehicle temporarily.

67. The deprivation is inconsistent with Defendant ARS's ownership interest in the Vehicle.

68. As more fully described above, Defendant Santander is jointly and severably liable for Defendant ARS's trespass.

**WHEREFORE**, the Plaintiffs, DENISE MURDOCK and MYRTLE MURDOCK, having set forth their claims for relief against the Defendant, SANTANDER CONSUMER USA INC., respectfully pray of the Court as follows:

- for an award of actual damages; and
- for such other relief as this Court deems just and proper.

**COUNT VII**
**CONVERSION AGAINST DEFENDANT SANTANDER**

69. Plaintiffs incorporate by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions of Defendant Santander constitute conversion.

71. Plaintiffs at all times relevant hereto were the sole individuals with the right to possess the Vehicle.

72. Upon information and belief, Defendant ARS, as more fully described above, intentionally interfered with Plaintiff's Vehicle by repossessing said Vehicle and relocating it to Tampa, Florida.

73. The unauthorized act deprived Plaintiffs of their Vehicle.

74. The deprivation is inconsistent with Defendant ARS's ownership interest in the Vehicle.

75. As more fully described above, Defendant Santander is jointly and severably liable for Defendant ARS's conversion.

**WHEREFORE**, the Plaintiffs, DENISE MURDOCK and MYRTLE MURDOCK, having set forth their claims for relief against the Defendant, SANTANDER CONSUMER USA INC., respectfully pray of the Court as follows:

- for an award of actual damages; and
- for such other relief as this Court deems just and proper.

**COUNT VIII**
**WRONGFUL REPOSSESSION AGAINST DEFENDANT ARS**

76. Plaintiffs incorporate by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions of Defendant ARS constitute wrongful repossession.

78. Plaintiff Myrtle Murdock was the sole title owner of the Vehicle at all times relevant hereto.

79. As more particularly described above, Defendant ARS did unlawfully obtain and remove the Vehicle from Plaintiff Denise Murdock's home in without having the right to do so.

80. Defendant ARS acted inconsistently with Plaintiffs' ownership interest and rights in the Vehicle and deprived Plaintiffs either temporarily or permanently of their right to the Vehicle and all benefits thereto.

81. Defendant ARS appropriated the Vehicle for its own use without any legal entitlement.

**WHEREFORE**, the Plaintiffs, DENISE MURDOCK and MYRTLE, having set forth their claims for relief against the Defendant, AMERICAN RECOVERY SPECIALISTS, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FLORIDA, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FT. MYERS, INC., respectfully pray of the Court as follows:

- for an award of actual damages; and
- for such other relief as this Court deems just and proper.

**COUNT IX**
**NEGLIGENCE AGAINST DEFENDANT ARS**

82. Plaintiffs incorporate by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

83. The foregoing acts and omissions of Defendant ARS constitute wrongful repossession.

84. Upon repossessing the Vehicle, Defendant ARS owed a duty to refrain from damaging or causing harm to the Vehicle.

85. Defendant ARS breached its duty by causing significant damage to the Vehicle as described in Exhibit "A" hereto.

86. Defendant ARS's breach of duty caused damages to Plaintiffs as more fully described above.

**WHEREFORE**, the Plaintiffs, DENISE MURDOCK and MYRTLE MURDOCK, having set forth their claims for relief against the Defendant, AMERICAN RECOVERY SPECIALISTS, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FLORIDA, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FT. MYERS, INC., respectfully pray of the Court as follows:

- for an award of actual damages; and
- for such other relief as this Court deems just and proper.

**COUNT X**
**TRESPASS TO CHATTEL AGAINST DEFENDANT ARS**

87. Plaintiffs incorporate by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

88. The foregoing acts and omissions of Defendant ARS constitute trespass to chattel.

89. Upon information and belief, Defendant ARS, as more fully described above, committed an unauthorized act in repossessing the Vehicle.

90. The unauthorized act deprived Plaintiffs of their Vehicle temporarily.

91. The deprivation is inconsistent with Defendant ARS's ownership interest in the Vehicle.

**WHEREFORE**, the Plaintiffs, DENISE MURDOCK and MYRTLE MURDOCK, having set forth their claims for relief against the Defendant, AMERICAN RECOVERY SPECIALISTS, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FLORIDA, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FT. MYERS, INC., respectfully pray of the Court as follows:

- for an award of actual damages; and
- for such other relief as this Court deems just and proper.

**COUNT XI**
**CONVERSION AGAINST DEFENDANT ARS**

92. Plaintiffs incorporate by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

93. The foregoing acts and omissions of Defendant ARS constitute conversion.

94. Plaintiffs at all times relevant hereto were the sole individuals with the right to possess the Vehicle.

95. Upon information and belief, Defendant ARS, as more fully described above, intentionally interfered with Plaintiff's Vehicle by repossessing said Vehicle and relocating it to Tampa, Florida.

96. The unauthorized act deprived Plaintiffs of their Vehicle.

97. The deprivation is inconsistent with Defendant ARS's ownership interest in the Vehicle.

**WHEREFORE**, the Plaintiffs, DENISE MURDOCK and MYRTLE MURDOCK, having set forth their claims for relief against the Defendant, AMERICAN RECOVERY SPECIALISTS, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FLORIDA, INC., a/k/a AMERICAN RECOVERY SPECIALISTS OF FT. MYERS, INC., respectfully pray of the Court as follows:

- for an award of actual damages; and
- for such other relief as this Court deems just and proper.

**TRIAL BY JURY**

98. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2015, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system and the following parties received electronic notification through the CM/ECF system:

Robert C. Burgess
cburgess@mcglinchey.com
MCGLINCHEY STAFFORD
10407 Centurion Parkway North, Suite 200
Jacksonville, FL 32256
(904) 224-4449
***Attorney for Santander Consumer USA, Inc.***

Glen M. Lindsay
glindsay@mcglinchey.com
MCGLINCHEY STAFFORD
10407 Centurion Parkway North, Suite 200
Jacksonville, FL 32256
(904) 224-4449
***Attorney for Santander Consumer USA, Inc.***

Dated: July 7, 2015

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
***Attorneys for Plaintiffs***

By: /s/ Joseph C. LoTempio
Joseph C. LoTempio, Esq.
Fla. Bar No. 0086097
jlotempio@dellutrilawgroup.com

**VERIFICATION OF AMENDED COMPLAINT AND CERTIFICATION**

STATE OF Florida )
) ss
COUNTY OF Lee )

Plaintiff, MYRTLE MURDOCK, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Amended Complaint.
5. I have filed this civil Amended Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Amended Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Myrtle Murdock
MYRTLE MURDOCK

Subscribed and sworn to before me this 18th day of May, 2015 by MYRTLE MURDOCK who:

☐ is personally known; or

☒ produced identification FL Drivers License.

Christie Lee Garratt
Notary Public

CHRISTIE LEE GARRATT
MY COMMISSION # EE 854427
EXPIRES: January 3, 2017
Bonded Thru Notary Public Underwriters

(SEAL)

**VERIFICATION OF AMENDED COMPLAINT AND CERTIFICATION**

STATE OF Florida )
) ss
COUNTY OF Lee )

Plaintiff, DENISE MURDOCK, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Amended Complaint.
5. I have filed this civil Amended Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Amended Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Denise Murdock
DENISE MURDOCK

Subscribed and sworn to before me this 18th day of May, 2015 by DENISE MURDOCK who:

☐ is personally known; or

☒ produced identification FL Drivers License.

CHRISTIE LEE GARRATT
MY COMMISSION # EE 854427
EXPIRES: January 3, 2017
Bonded Thru Notary Public Underwriters

(SEAL)

Christie Lee Garratt
Notary Public

EXHIBIT A

# COLLEX OF FT. MYERS

Collex Collision Experts of Florida, Inc.
12791 METRO PKWY, FORT MYERS, FL 33966
Phone: (239) 225-0600
FAX: (239) 225-0602

| | |
|---|---|
| Workfile ID: | 17bc61aa |
| Federal ID: | 65-0870958 |
| State ID: | MV25571 |
| Resale Number: | 65-0870958 |

## Supplement of Record 2 with Summary

**Customer: MURDOCK, MYRTLE**

Written By: David Rodriguez, 6/10/2013 11:19:32 AM

| | | | | | |
|---|---|---|---|---|---|
| Insured: | MURDOCK, MYRTLE | Policy #: | | Claim #: | |
| Type of Loss: | Other | Date of Loss: | 11/20/2012 1:00:00 PM | Days to Repair: | 0 |
| Point of Impact: | 04 Right Qtr Post (Right Side) | | | | |

| Owner: | Inspection Location: | Insurance Company: |
|---|---|---|
| MURDOCK, MYRTLE | COLLEX OF FT. MYERS | ESURANCE |
| 4737 30TH ST SW | 12791 METRO PKWY | Esurance |
| LEHIGH ACRES, FL 33973 | FORT MYERS, FL 33966 | |
| (239) 850-3492 Business | Repair Facility | |
| (239) 369-9937 Business | (239) 225-0600 Business | |

## VEHICLE

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Year: | 2007 | Body Style: | 4D SED | VIN: | WVWJK73C57P071970 | Mileage In: | 113202 |
| Make: | VW | Engine: | 4-2.0L-T | License: | M46-3FG | Mileage Out: | |
| Model: | PASSAT | Production Date: | 10/2006 | State: | FL | Vehicle Out: | |
| Color: | GREEN Int: BLACK | Condition: | | Job #: | | | |

**TRANSMISSION**
Automatic Transmission
Overdrive
**POWER**
Power Steering
Power Brakes
Power Windows
Power Locks
Power Mirrors
Heated Mirrors
**DECOR**
Dual Mirrors
Console/Storage
**CONVENIENCE**
Air Conditioning
Intermittent Wipers
Tilt Wheel
Cruise Control
Rear Defogger
Keyless Entry
Alarm
Message Center
Telescopic Wheel
**RADIO**
AM Radio
FM Radio
Stereo
Search/Seek
CD Player
**SAFETY**
Drivers Side Air Bag
Passenger Air Bag
Anti-Lock Brakes (4)
4 Wheel Disc Brakes
Front Side Impact Air Bags
Head/Curtain Air Bags
**SEATS**
Bucket Seats
**PAINT**
Clear Coat Paint
**OTHER**
Traction Control
Signal Integrated Mirrors

## Supplement of Record 2 with Summary

**Customer: MURDOCK, MYRTLE**

Vehicle: 2007 VW PASSAT 4D SED 4-2.0L-T GREEN

| Line | | Oper | Description | Part Number | Qty | Extended Price $ | Labor | Paint |
|---|---|---|---|---|---|---|---|---|
| 1 | **WHEELS** | | | | | | | |
| 2 | * | Repl | LT/Rear Wheel cover | 3C0601147DSMC | 1 | 45.30 | 0.1 | |
| 3 | * | Repl | RT/Rear Wheel cover | 3C0601147DSMC | 1 | 45.30 | 0.1 | |
| 4 | * | Repl | RT/Front Wheel cover | 3C0601147DSMC | 1 | 45.30 | 0.1 | |
| 5 | **ROOF** | | | | | | | |
| 6 | * | Rpr | Roof panel w/o sunroof-scratch (right side) | | | | 2.0 | 2.8 |
| 7 | | | Add for Clear Coat | | | | | 1.1 |
| 8 | **SEATS & TRACKS** | | | | | | | |
| 9 | | Repl | LT Lock | 3AE885681989 | 1 | 79.50 | | |
| 10 | | Repl | LT Lock cover black | 3C5885893989 | 1 | 8.40 | | |
| 11 | * | R&I | LT Seat back cover | | | | 1.1 | |
| 12 | * | R&I | LT Seat | | | | 1.5 | |
| 13 | * | Repl | RT Adjust lever | 3C0881092 | 1 | 29.10 | 1.0 | |
| 14 | | Repl | Armrest assy leatherette black | 3C0885081ETCY | 1 | 170.00 | | |
| 15 | **QUARTER PANEL** | | | | | | | |
| 16 | * | Rpr | RT Quarter panel lock pillar | | | | 2.5 | 1.5 |
| 17 | | | Overlap Major Adj. Panel | | | | | -0.4 |
| 18 | | | Add for Clear Coat | | | | | 0.2 |
| 19 | **REAR DOOR** | | | | | | | |
| 20 | | R&I | RT Surround w'strip sedan | | | | 0.4 | |
| 21 | # | Repl | Floor mats | | 1 | 99.00 | 0.3 | |
| 22 | **FRONT DOOR** | | | | | | | |
| 23 | | Repl | RT Surround W'strip | 3C4867911C5AP | 1 | 110.00 | 0.4 | |
| | | | | **SUBTOTALS** | | **631.90** | **9.5** | **5.2** |

## NOTES

Prior Damage Notes:

- 
- 

## Supplement of Record 2 with Summary

**Customer: MURDOCK, MYRTLE**

Vehicle: 2007 VW PASSAT 4D SED 4-2.0L-T GREEN

### ESTIMATE TOTALS

| Category | Basis | | Rate | Cost $ |
|---|---|---|---|---|
| Parts | | | | 631.90 |
| Body Labor | 9.5 hrs | @ | $ 42.00 /hr | 399.00 |
| Paint Labor | 5.2 hrs | @ | $ 42.00 /hr | 218.40 |
| Paint Supplies | 5.2 hrs | @ | $ 24.00 /hr | 124.80 |
| Subtotal | | | | 1,374.10 |
| Sales Tax | $ 1,374.10 | @ | 6.0000 % | 82.45 |
| **Grand Total** | | | | **1,456.55** |
| Deductible | | | | 0.00 |
| **CUSTOMER PAY** | | | | **0.00** |
| **INSURANCE PAY** | | | | **1,456.55** |

## Supplement of Record 2 with Summary

**Customer: MURDOCK, MYRTLE**

Vehicle: 2007 VW PASSAT 4D SED 4-2.0L-T GREEN

### RATE CHANGES

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Body Labor | (Est) | 9.5 hrs | @ | $ -4.00 /hr | ( 46.00 | to | 42.00 ) | = | -38.00 |
| Paint Labor | (Est) | 5.2 hrs | @ | $ -4.00 /hr | ( 46.00 | to | 42.00 ) | = | -20.80 |
| Paint Supplies | (Est) | 5.2 hrs | @ | $ -4.00 /hr | ( 28.00 | to | 24.00 ) | = | -20.80 |

### TOTALS SUMMARY

| Category | Basis | | Rate | Cost $ |
|---|---|---|---|---|
| Parts | | | | 0.00 |
| Additional Supplement Labor | | | | -58.80 |
| Additional Supplement Materials/Supplies | | | | -20.80 |
| Subtotal | | | | -79.60 |
| Sales Tax | $ -79.60 | @ | 6.0000 % | -4.78 |
| Additional Supplement Taxes | | | | 0.01 |
| **Total Supplement Amount** | | | | -84.37 |
| **NET COST OF SUPPLEMENT** | | | | -84.37 |

### CUMULATIVE EFFECTS OF SUPPLEMENT(S)

| | | | |
|---|---|---|---|
| Estimate | | 1,540.92 | David Rodriguez |
| Supplement S01 | | 0.00 | David Rodriguez |
| Supplement S02 | | -84.37 | David Rodriguez |
| **Job Total:** | $ | 1,456.55 | |
| **INSURANCE PAY:** | $ | 1,456.55 | |

THIS IS A PRELIMINARY ESTIMATE, ADDITIONAL CHARGES TO THE ESTIMATE MAY BE REQUIRED FOR THE ACTUAL REPAIR.

"UNLESS OTHERWISE NOTED THIS ESTIMATE WAS GIVEN TO THE CUSTOMER"

**Supplement of Record 2 with Summary**

**Customer: MURDOCK, MYRTLE**

Vehicle: 2007 VW PASSAT 4D SED 4-2.0L-T GREEN

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO INJURE, DEFRAUD, OR DECEIVE ANY INSURER FILES A STATEMENT OF CLAIM OR AN APPLICATION CONTAINING ANY FALSE, INCOMPLETE, OR MISLEADING INFORMATION IS GUILTY OF A FELONY OF THE THIRD DEGREE(FLORIDA STATUTES TITLE XLVI, CHAPTER 817.234). FAILURE TO USE THE INSURANCE PROCEEDS IN ACCORDANCE WITH THE SECURITY AGREEMENT,IF ANY, COULD BE A VIOLATION OF S. 812.014, FLORIDA STATUTES. IF YOU HAVE ANY QUESTIONS, CONTACT YOUR LENDING INSTITUTION. IF A CHARGE FOR SHOP SUPPLIES OR HAZARDOUS OR OTHER WASTE REMOVAL IS INCLUDED ON THIS ESTIMATE, PLEASE NOTE THE FOLLOWING: "THIS CHARGE REPRESENTS COSTS AND PROFITS TO THE MOTOR VEHICLE REPAIR FACILITY FOR MISCELLANEOUS SHOP SUPPLIES OR WASTE DISPOSAL." IF A CHARGE FOR NEW TIRES OR A NEW OR REMANUFACTURED LEAD-ACID BATTERY IS INCLUDED ON THIS ESTIMATE, PLEASE NOTE THE FOLLOWING: A $1.00 FEE FOR EACH NEW MOTOR VEHICLE TIRE SOLD AT RETAIL IS IMPOSED ON ANY PERSON ENGAGING IN THE BUSINESS OF MAKING RETAIL SALES OF NEW MOTOR VEHICLE TIRES WITHIN THE STATE OF FLORIDA. FLORIDA STATUTES TITLE XXIX CHAPTER 403.718. A $1.50 FEE FOR EACH NEW OR REMANUFACTURED LEAD-ACID BATTERY SOLD AT RETAIL IS IMPOSED ON ANY PERSON ENGAGING IN THE BUSINESS OF MAKING RETAIL SALES OF NEW OR REMANUFACTURED LEAD-ACID BATTERIES WITHIN THE STATE OF FLORIDA. FLORIDA STATUTES TITLE XXIX 403.7185.

**Supplement of Record 2 with Summary**

**Customer: MURDOCK, MYRTLE**

Vehicle: 2007 VW PASSAT 4D SED 4-2.0L-T GREEN

Estimate based on MOTOR CRASH ESTIMATING GUIDE. Unless otherwise noted all items are derived from the Guide ERA9256, CCC Data Date 6/3/2013, and the parts selected are OEM-parts manufactured by the vehicles Original Equipment Manufacturer. OEM parts are available at OE/Vehicle dealerships. OPT OEM (Optional OEM) or ALT OEM (Alternative OEM) parts are OEM parts that may be provided by or through alternate sources other than the OEM vehicle dealerships. OPT OEM or ALT OEM parts may reflect some specific, special, or unique pricing or discount. OPT OEM or ALT OEM parts may include "Blemished" parts provided by OEM's through OEM vehicle dealerships. Asterisk (*) or Double Asterisk (**) indicates that the parts and/or labor information provided by MOTOR may have been modified or may have come from an alternate data source. Tilde sign (~) items indicate MOTOR Not-Included Labor operations. The symbol (<>) indicates the refinish operation WILL NOT be performed as a separate procedure from the other panels in the estimate. Non-Original Equipment Manufacturer aftermarket parts are described as Non OEM or A/M. Used parts are described as LKQ, RCY, or USED. Reconditioned parts are described as Recond. Recored parts are described as Recore. NAGS Part Numbers and Benchmark Prices are provided by National Auto Glass Specifications. Labor operation times listed on the line with the NAGS information are MOTOR suggested labor operation times. NAGS labor operation times are not included. Pound sign (#) items indicate manual entries.

Some 2012 vehicles contain minor changes from the previous year. For those vehicles, prior to receiving updated data from the vehicle manufacturer, labor and parts data from the previous year may be used. The CCC ONE estimator has a complete list of applicable vehicles. Parts numbers and prices should be confirmed with the local dealership.

The following is a list of additional abbreviations or symbols that may be used to describe work to be done or parts to be repaired or replaced:

SYMBOLS FOLLOWING PART PRICE:
m=MOTOR Mechanical component. s=MOTOR Structural component. T=Miscellaneous Taxed charge category. X=Miscellaneous Non-Taxed charge category.

SYMBOLS FOLLOWING LABOR:
D=Diagnostic labor category. E=Electrical labor category. F=Frame labor category. G=Glass labor category. M=Mechanical labor category. S=Structural labor category. (numbers) 1 through 4=User Defined Labor Categories.

OTHER SYMBOLS AND ABBREVIATIONS:
Adj.=Adjacent. Algn.=Align. ALU=Aluminum. A/M=Aftermarket part. Blnd=Blend. BOR=Boron steel. CAPA=Certified Automotive Parts Association. D&R=Disconnect and Reconnect. HSS=High Strength Steel. HYD=Hydroformed Steel. Incl.=Included. LKQ=Like Kind and Quality. LT=Left. MAG=Magnesium. Non-Adj.=Non Adjacent. NSF=NSF International Certified Part. O/H=Overhaul. Qty=Quantity. Refn=Refinish. Repl=Replace. R&I=Remove and Install. R&R=Remove and Replace. Rpr=Repair. RT=Right. SAS=Sandwiched Steel. Sect=Section. Subl=Sublet. UHS=Ultra High Strength Steel. N=Note(s) associated with the estimate line.

CCC ONE Estimating - A product of CCC Information Services Inc.

The following is a list of abbreviations that may be used in CCC ONE Estimating that are not part of the MOTOR CRASH ESTIMATING GUIDE:
BAR=Bureau of Automotive Repair. EPA=Environmental Protection Agency. NHTSA= National Highway Transportation and Safety Administration. PDR=Paintless Dent Repair. VIN=Vehicle Identification Number.

EXHIBIT B




Principal Office:
Dellutri Professional Center
1436 Royal Palm Square Boulevard
Fort Myers, Florida 33919

Phone: (239) 939-0900
Facsimile: (239) 939-0588
E-Mail: jlotempio@DellutriLawGroup.com
Website: www.DellutriLawGroup.com

October 3, 2013

***VIA CERTIFIED U.S. MAIL***

Santander Consumer
P.O. Box 961245
Fort Worth, TX 76161

Re: My Client: Denise Murdock
Date of Incident: September 28, 2013
Description: Repossession of vehicle

Dear Sir or Madam:

Please be advised that this firm is presently investigating a potential liability action on behalf of Ms. Denise Murdock against Santander Consumer. On September 28, 2013, my client's vehicle was wrongfully repossessed for alleged non-payment for the *second* time in several months. The vehicle, which is now under your possession, custody and/or control, is critical evidence in any suit which may be filed on my client's behalf.

The purpose of this letter is to request that you take immediate action to ensure that the vehicle and all belongings inside are removed from use, are preserved in a locked and covered storage area, and are not altered in any manner. Please do not allow this evidence to be released and/or disposed of without prior written consent from our firm. Furthermore, please do not allow the evidence to be inspected, moved, handled or operated in any way without express notice to this firm so that we may have the opportunity to have a representative present.

Please ensure that this letter is provided to the appropriate person in your office who is charged with the custody of any evidentiary items concerning this incident. Please note that this request is not limited to the specific items discussed above but includes all evidentiary items of any nature pertaining to this matter which is in your possession.



*The Dellutri Law Group is a federally-designated Debt Relief Agency, which has proudly helped people filing for bankruptcy since 1998.*
*Carmen Dellutri, Esq. is a Board Certified Consumer Bankruptcy Attorney, American Board of Certification.*
*Carmen Dellutri, Esq. is a Member of the National Association of Consumer Bankruptcy Attorneys, National Association of Consumer Advocates, National Association of Chapter 13 Trustees, and the American Bankruptcy Institute.*

Thank you for your cooperation. Upon your receipt of this letter, please contact my office immediately so we can discuss this matter further.

Sincerely,
The Dellutri Law Group, P.A.

Joseph C. LoTempio, Esquire
For the Firm
JCL/kjm



*The Dellutri Law Group is a federally-designated Debt Relief Agency, which has proudly helped people filing for bankruptcy since 1998. Carmen Dellutri, Esq. is a Board Certified Consumer Bankruptcy Attorney, American Board of Certification. Carmen Dellutri, Esq. is a Member of the National Association of Consumer Bankruptcy Attorneys, National Association of Consumer Advocates, National Association of Chapter 13 Trustees, and the American Bankruptcy Institute.*