## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DENISE MURDOCK and MYRTLE
MURDOCK,

          Plaintiffs,

v.                             Case No:   2:15-cv-268-FtM-38CM

SANTANDER CONSUMER USA
INC., PATRICK K. WILLIS
COMPANY INC. D/B/A
AMERICAN RECOVERY
SERVICE and ABS RECOVERY,
INC.,

          Defendants.

_____

## ORDER

This matter comes before the Court upon review of Plaintiffs' Notice of Objection and Motion to Strike Santander's Declaration of Wayne Nightengale (Doc. 68) filed on March 16, 2016. On March 22, 2016, Defendant Santander Consumer USA Inc. ("Santander") filed its Response to Plaintiffs' Notice of Objection and Motion to Strike Santander's Declaration of Wayne Nightengale. Doc. 70. For the reasons that follow, the motion is due to be denied.

### I.   Background

On January 19, 2016, Santander filed a Motion to Dismiss Plaintiffs' Second Amended Complaint and Motion to Compel Arbitration. Doc. 52. The motion argues that Plaintiffs should be compelled to arbitrate their claims pursuant to an arbitration provision in a loan agreement that was entered into between Myrtle

Murdock and HSBC Bank ("HSBC") and was later assigned to Santander.[1]   *See id.* at 2-7.   The motion alleges that Denise Murdock is bound by the same arbitration provision.   *Id.* at 8-10.   On February 25, 2016, Plaintiffs filed their response in opposition.   Doc. 64.   In their response, Plaintiffs challenge Santander's standing to enforce the agreement.   *Id.* at 2-5.   They argue that Santander did not sign the agreement nor has it proven there was an assignment of the agreement.   *Id.* Moreover, they argue, "[t]here is no non-hearsay evidence before this Court establishing that Santander was even assigned the account at issue from HSBC." *Id.* at 5.

With leave of Court, on March 9, 2016, Santander filed a reply to Plaintiffs' response.   Doc. 67.   Citing to Plaintiffs' operative complaint, Santander argues that Plaintiffs judicially admitted that "HSBC sold, assigned, or otherwise transferred the account associated with such agreement to [Santander]" and that Denise Murdock "made payments to [Santander] pursuant to the terms of the loan agreement."   *Id.* at 2 (citing Doc. 49 ¶¶ 10, 11).   Thus, Santander argues, by Plaintiffs' own admissions in their complaint alone, it has proven standing to invoke arbitration. *See* Doc. 67 at 2.   Nevertheless, Santander attached to its reply a Declaration of Wayne Nightengale, the Vice President of Servicing for Santander, which states, in part:

> Based on my review of [Santander's] records, the Murdock Loan was sold to [Santander] on August 27, 2010 as part of the Purchase Agreement between [Santander] and HSBC.   Prior to purchasing the

---

[1] The loan agreement contains a provision which defines HSBC to include "successors and assigns."   Doc. 52-1 at 2.

- 2 -

> Murdock Loan, [Santander] serviced it on behalf of HSBC.  As part of this purchase, HSBC provided [Santander] with its servicing records for the Murdock Loan.  Based on my review of these records, HSBC never received from Myrtle Murdock a written rejection of the arbitration provision set forth in the Murdock Loan.

Doc. 67-1 ¶ 5.

In the present motion, Plaintiffs move to strike Nightengale's Declaration arguing that it is inequitable for the Court to consider this new evidence offered for the first time in a reply.  Doc. 68 at 1-2.  Plaintiffs argue that Santander failed to produce sufficient evidence that demonstrated an assignment of rights from HSBC to Santander, and now it seeks to remedy this failure only after Plaintiffs' response alerted them to the failure.  *Id.* at 3.  According to Plaintiffs, this new evidence was available to Santander at the time it filed the motion to compel arbitration and should have been included at that time so that Plaintiffs would have an opportunity to respond.  *Id.* at 4.  Santander, in turn, argues that the Declaration simply reaffirms judicial admissions previously made by Plaintiffs and does not constitute new evidence.  Doc. 70 at 2-3.

Eleventh Circuit precedent is clear, "a party is bound by the admission in his pleadings." *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983) (citations omitted).  Moreover, "judicial admissions are proof possessing the highest possible probative value. Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Id.* (citing *Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941).  Plaintiffs' admission in their pleadings that HSBC

"sold, assigned, or otherwise transferred" the loan agreement to Santander is binding and conclusive to establish that Santander is an assignee under the contract, and the Court need not look any further on this issue.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiffs' Notice of Objection and Motion to Strike Santander's Declaration of Wayne Nightengale (Doc. 68) is **DENIED as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record