UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE MURDOCK and MYRTLE
MURDOCK,

      Plaintiffs,

v.                            Case No:   2:15-cv-268-FtM-38CM

SANTANDER CONSUMER USA
INC., PATRICK K. WILLIS
COMPANY INC. D/B/A
AMERICAN RECOVERY
SERVICE and ABS RECOVERY,
INC.,

      Defendants.

---

### REPORT AND RECOMMENDATION[1]

    This matter comes before the Court upon review of Defendant, Santander Consumer USA Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint and Motion to Compel Arbitration (Doc. 52)[2] filed on January 19, 2016.   On February 25, 2016, Plaintiffs filed their response in opposition.   Doc. 64.   With leave of Court, on

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

March 9, 2016, Defendant Santander Consumer USA Inc. ("Santander") filed a reply to Plaintiffs' response.   Doc. 67.   The motion, therefore, is ripe for review.

## I.    Background and Arguments

Plaintiffs Myrtle Murdock ("Myrtle") and Denise Murdock ("Denise") brought this action in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida for violations of the Florida Consumer Collection Practices Act ("FCCPA"), the Telephone Consumer Protection Act ("TCPA"), wrongful repossession, negligence, trespass to chattel, and conversion.   *See* Doc. 2.   Santander timely removed the case pursuant to 28 U.S.C. § 1331, invoking this Court's federal question jurisdiction related to the TCPA claim.   Doc. 1.   Since removal, the complaint has been amended twice, leaving the Second Amended Complaint and Demand for Jury Trial as the operative complaint.   Doc. 49.   The operative complaint alleges the same causes of action against Santander and also included counts for wrongful repossession, negligence, trespass to chattel, and conversion against two repossession companies, Patrick K. Willis Company Inc. doing business as American Recovery Service ("PKW") and ABS Recovery, Inc. ("ABS").   *Id.*

The factual allegations in support of the operative complaint arise out of repossession of a vehicle that Myrtle purchased and financed through a vehicle loan by HSBC Bank ("HSBC").   Doc. 49 ¶¶ 8, 9.   Denise was an authorized driver of the vehicle and, after Myrtle and Santander entered into the loan agreement, took possession of the vehicle, had exclusive use of the vehicle, and made payments under the loan agreement directly to the lender.   *Id.* ¶¶ 9, 10.   At some point thereafter,

"HSBC sold, assigned, or otherwise transferred the account associated with [the loan] agreement to Santander." *Id.* ¶ 11. When this occurred, Santander allegedly requested an "an inexplicable 'late fee'" from Denise, which she disputed to no avail. *Id.* ¶ 12. Due to this late fee and a missed payment from Denise, Santander requested the services of PKW to repossess the vehicle, who then hired ABS to handle the actual repossession, which occurred in November 2012. *Id.* ¶¶ 13-16. After paying the full amounts requested by Santander and picking up the vehicle, Denise noticed that the vehicle was damaged while in ABS's custody. *Id.* ¶¶ 16, 17. After this incident, Santander began repeatedly calling Denise to collect amounts due on the vehicle. *Id.* ¶ 18.

On or about September 2013, the operative complaint further alleges, Santander called Denise and informed her that she was again in arrears. *Id.* ¶ 21. To avoid repossession, Denise paid the amounts requested. *Id.* Despite her payment, Santander again retained PKW to repossess the vehicle, who then retained ABS to actually take the vehicle. *Id.* ¶ 22. The vehicle was never returned, and Plaintiffs believe that it was sold. *Id.*

Santander has filed the instant motion requesting that Plaintiffs' claims as against Santander be dismissed and submitted to arbitration. Doc. 52. In the alternative, Santander requests that the action be stayed pending arbitration on the merits. *Id.* at 10. Attached to its motion, Santander has included a "Loan Repayment and Security Agreement" that was entered into by Myrtle Murdock and

HSBC. Doc. 52-1. With respect to identification of the parties bound by the agreement, the agreement provides:

> In this Agreement, "we", "us", and "our" refer to the Creditor, HSBC Auto Finance Inc., and its *successors and assigns*: and "your" refer to each Borrower who signs this Loan Repayment and Security Agreement (the "Agreement") and each other person or legal entity (guarantors, endorsers, and sureties) who agrees to pay this Loan.

Doc. 52-1 at 1 (emphasis added). Further below on the first page of the agreement, the following clause appears:

> THIS CONTRACT CONTAINS AN ARBITRATION PROVISION WHICH AFFECTS YOUR RIGHTS. YOU MAY OPT OUT OF ARBITRATION BY TAKING THE ACTION DETAILED IN THE ARBITRATION PROVISION WITHIN 30 DAYS OF THE SIGNING OF THIS AGREEMENT.

*Id.* On page 3 of the agreement, there is an arbitration provision which states, in relevant part:

> Any claim, dispute or controversy between you and HSBC Auto Finances Inc. (as specifically defined below for purposes of this Arbitration Provision), whether in contract or tort (intentional or otherwise), whether pre-existing, present or future, and including constitutional, statutory, common law, regulatory, and equitable claims in any way arising from or relating to this Agreement or the relationships which result from this Agreement (including, without limitation, any ancillary products financed and/or purchased in connection with this Loan) and, including, except as provided below, the validity, enforceability or scope of this Arbitration provision or any part thereof, including without limitation, the issue whether any particular claim, dispute, or controversy must be submitted to arbitration (collectively the "Claim"), shall be resolved, upon the election of either you or HSBC, by binding arbitration pursuant to this Arbitration Provision and the applicable rules of the American Bar Association or the National Arbitration Forum in effect at the time the Claim is filed.

*Id.* at 4. On the last page, the agreement provides that the agreement is governed by Florida law. *Id.* at 5.

- 4 -

Santander contends that the agreement is valid and enforceable.   Doc. 52 at 2-7.   According to Santander, because the agreement contains a delegation clause, leaving the question of arbitrability to the arbitrator, the inquiry should stop there and this matter must be submitted to arbitration.   Id. at 6.   Santander argues that because it is an assignee, it is undoubtedly a party to the arbitration agreement and has standing to enforce it.   Docs. 52 at 3-4; 67.   Santander further argues that although Denise was not a party to the agreement, the agreement nonetheless applies to her under Florida law.   Doc. 52 at 8-9.

In their response, Plaintiffs argue that Santander never signed the agreement and therefore lacks standing to enforce it.   Doc. 64 at 2-5.   Plaintiffs dispute that Denise, a nonsignatory to the agreement, can be compelled to arbitrate her claims. Id. at 10-11.   Plaintiffs further argue that by invoking the judicial process by way of removing this action to federal court, Santander has waived its right to arbitrate. Id. at 8-10.

The Court finds Myrtle entered into a valid arbitration agreement that Santander has standing to enforce.   The Court also finds Santander did not waive its right to arbitration and, pursuant to Florida law, the arbitration provision is broad enough to encompass Denise's claims.   Accordingly, the Court respectfully recommends that the motion be granted, and the case be stayed during the pendency of the arbitration.

## II.   Discussion

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."   9 U.S.C. § 2.   The FAA "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms."   *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 63 (2010) (internal citations omitted).   As provided by the FAA, any party aggrieved by the failure or refusal of another to arbitrate under a written agreement, may petition the court to direct that arbitration proceed.   9 U.S.C. § 4.   The Supreme Court's precedent establishes a "healthy regard for the federal policy favoring arbitration," resolving any doubts as to the scope of arbitrable issues in favor of arbitration.   *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).   In ruling on a motion to compel arbitration, courts consider three factors: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived.   *Florida Farm Bureau Ins. Cos. v. Pulte Home Corp., Inc.*, No. 8:04-cv-2357-T-EAJ, 2005 WL 1345779, at *3 (M.D. Fla. June 6, 2005).

### 1.   *Whether a valid arbitration agreement exists between Santander and Myrtle*

State law governs whether an enforceable agreement to arbitrate exists. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005). "Federal policy favoring arbitration, however, is taken into consideration even in applying ordinary state law."   *Id.*   Under Florida law, a contract, like the

agreement at issue here, is enforceable if there was an "offer, acceptance, consideration and sufficient specification of essential terms." *Jones v. Sallie Mae, Inc.,* No. 3:13-cv-837-J-99MMH-MCR, 2013 WL 6283483, at *4 (M.D. Fla. Dec. 4, 2013) (internal citations and quotations omitted).   Plaintiffs take no issue with any of these elements to the agreement with respect to Myrtle.   Rather, Plaintiffs argue that the agreement is not valid or enforceable because Santander has failed to show it has standing to enforce the agreement.   Doc. 64 at 2-6.   It is undisputed that Santander is not a signatory to the agreement.

State law governs the issue of "whether a contract may be enforced by or against a nonparty." *Kong v. Allied Prof'l Ins. Co.,* 750 F.3d 1295, 1302 (11th Cir. 2014).   Pursuant to Florida law, a contracting party's assignee is bound by a contract's arbitration provision. *Id.* (applying Florida law).   In *Kong,* the plaintiff sought to enforce a stipulated tort judgment she received against an individual insured by the defendant insurance company. *Id.* at 1298.   The stipulated judgment assigned to the plaintiff all of the insured's causes of action against the insurance company. *Id.*   The defendant moved to dismiss the claim or, alternatively, stay the case and compel arbitration. *Id.*   The defendant argued that its policy with the insured contained an arbitration clause, and because the insured assigned her rights against the defendant to the plaintiff, plaintiff was bound by that clause. *Id.*   The court relied on *Cone Constructors, Inc. v. Drummond Cmty. Bank,* 754 So. 2d 779 (Fla. Dist. Ct. App. 2000), in which a Florida District Court of Appeal considered whether a bank assignee to accounts receivable

was subject to the arbitration clause in the underlying contract between the debtor and the assignor. *Id.* at 1302. The *Kong* court noted *Cone* "concluded that arbitration is a 'remedial mechanism' that is binding on an assignee." *Id.* As such '[e]ven an assignment only of contract 'rights' not entailing any duty of performance must be deemed to include the bargained-for remedial procedure." *Id.* (citing *Cone Constructors, Inc.* 754 So. 2d at 779). Thus, an assignee assumes all of the rights and remedies under the contract even if the assignee only assented to the rights and not the remedies provided by the contract. *Id. at* 1302-03.

The *Kong* court looked to other Florida cases that found that other nonsignatories to a contract may be compelled to arbitrate. 750 F.3d at 1302 (citing, e.g., *Pulte Home Corp. v. Bay at Cypress Creek Homeowners' Ass'n, Inc.*, 118 So. 3d 957, 958 (Fla. Dist. Ct. App. 2013) (compelling nonsignatory homeowners to arbitrate a claim arising under a preexisting contract between a builder and a homeowners' association)). Ultimately, the court concluded, "Florida courts have exhibited a willingness to compel a number of different nonsignatories to arbitrate." *Id.* at 1302-03. With respect to the plaintiff in *Kong*, the court held that Florida law compels arbitration on an assignee even if the assignee does not assent to the arbitration provision in the assigned contract. *Id.* In this case, however, the assignee itself is seeking to compel arbitration. A simple review of the agreement shows that HSBC is identified as including its "successors and assigns." Doc. 52-1 at 2. As such, as an assignee, Santander has the same right to enforce the agreement as did HSBC prior to the assignment.

Plaintiffs next dispute whether Santander has proven that it is an assignee of the loan agreement. Doc. 64 at 2-5. Santander responds that Plaintiffs have judicially admitted as such; their pleadings alone prove that Santander has standing to invoke arbitration. Doc. 67 at 2-4. In Plaintiffs' operative complaint, they allege (1) Myrtle and HSBC entered into a loan agreement for the financing of a vehicle, (2) "HSBC sold, assigned, or otherwise transferred the account associated with such agreement to Santander," and (3) "Santander accepted payments from Denise Murdock and communicated with her regarding the account."[3] Doc. 49 ¶¶ 9-11. Eleventh Circuit precedent is clear, "a party is bound by the admission in his pleadings." *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983) (citations omitted).

In *Best Canvas*, the court considered whether the defendant's cause of action alleged in its counterclaim arose in Georgia or Florida. *Id.* at 620. This determination was important because Georgia law would bar the defendant's counterclaim but Florida law would not. *Id.* In its pleadings, the defendant had alleged that "this action . . . is brought in the judicial district in which the cause of action arises," it being the Northern District of Georgia. *Id.* at 621. Both the district court and the Eleventh Circuit concluded that the defendant was bound by its judicial admissions, and summary judgment against the defendant was appropriate. The court noted, "judicial admissions are proof possessing the highest possible probative

---

[3] Plaintiffs' previous complaints contained identical allegations. Docs. 2 ¶¶ 8-10; 26 ¶¶ 8-10.

value.   Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Id.* (citing *Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941)).   As in *Best Canvas*, Plaintiffs' admission in their pleadings that HSBC "sold, assigned, or otherwise transferred" the loan agreement to Santander is binding and conclusive to establish that Santander is an assignee under the contract, and the Court need not look any further on this issue.

Plaintiff's reliance on *Simms v. Navient Sols., Inc.*, No. 2:15-cv-01808-GMN-PAL, --- F.Supp.3d --- 2016 WL 259695 (D. Nev. Jan. 21, 2016) is misplaced.   In *Simms*, the plaintiffs obtained an educational loan from an entity and signed a promissory note that contained an arbitration provision.   *Id.* at *1.   The defendant serviced the loan on behalf of its current holder and claimed to have standing as an agent of the current holder of the loan.   *Id.*   The defendant "ha[d] not presented any evidence at all that it [was] the agent of [the entity] or the current holder of the Note. . . . Rather, it merely refer[red] to itself as the loan servicer."   *Id.* at *6. Unlike in *Simms*, Plaintiffs admit that they entered into a loan agreement with HSBC and they admit that Santander is the current holder of the loan agreement by way of assignment.   Accordingly, *Simms* is inapposite.   Because Plaintiffs have not challenged the validity of the agreement and because Santander has standing to enforce the agreement, a valid arbitration agreement exists between Santander and Myrtle.

2.    *Whether an arbitrable issue exists*

Santander argues that the question of arbitrability was delegated to the arbitrator, and the Court's inquiry should stop once it determines that a valid agreement to arbitrate exists.    Doc. 52 at 6.    As noted above, the agreement requires that "[a]ny claim, dispute or controversy" between the parties, including "the scope" of the arbitration provision and "whether any particular claim, dispute, or controversy should be submitted to arbitration" must be resolved through binding arbitration.    Doc. 52-1 at 4 (hereafter "the delegation provision").    This type of delegation provision has been referred to as "an agreement to arbitrate the gateway question of whether [the arbitration agreement] covers a particular controversy." *In re Checking Account Overdraft Litig.* MDL No. 2036, 674 F.3d 1252, 1255 (11th Cir. 2012) (citing *Rent-A-Ctr., W., Inc.*, 561 U.S. at 68-69) (internal citations omitted).    In this context, an agreement to arbitrate the gateway question "is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Ctr., W., Inc.,* 561 U.S. at 70.    A delegation provision "is valid, save upon such grounds as exist at law or in equity for the revocation of any contract." *In re Checking Account Overdraft Litig.*, 674 F.3d at 1255 (citing 9 U.S.C. § 2).    So long as there is "clear and unmistakable evidence that the parties manifested their intent to arbitrate a gateway question," the court should enforce a valid delegation provision.    *Id.* (citing *Rent-A-Ctr., W., Inc.,* 561 U.S. at 68-69 & n.1) (internal citations omitted).

Here, there is clear and unmistakable evidence that the parties manifested their intent to arbitrate the scope of the arbitration provision by way of explicit terms in the agreement.   Plaintiffs do not challenge the validity of the delegation provision. Absent such challenge, the delegation provision is valid, and the Court must allow the arbitrator to decide whether Myrtle's claims fall within the scope of the arbitration provision.   *See Rent-A-Ctr., W., Inc.*, 561 U.S. at 68-69.

### 3.   *Whether Santander has waived the right to arbitration*

A party waives a right to arbitrate when: (1) the party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate; and (2) this participation results in prejudice to the opposing party." *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (internal citations omitted); *see also Garcia v. Wachovia Corp.*, 699 F.3d 1273 (11th Cir. 2012). Moreover, "[p]rejudice exists when the party opposing arbitration undergoes the types of litigation expenses that arbitration was designed to alleviate." *In re Checking Account Overdraft Litig.*, 754 F.3d at 1294 (internal citations omitted). Plaintiffs essentially argue that Santander's conduct of voluntarily removing this action from state court to federal court and invoking this Court's jurisdiction makes it clear that Santander has waived its right to demand arbitration.  Doc. 64 at 10. Several courts, however, have held that merely removing a case from state court to federal court is not enough to substantially invoke the judicial process to the detriment or prejudice of the plaintiff.   *See Jones*, 2013 WL 6283483, at *9 (listing cases).   Even where a defendant removed a case to federal court, filed an answer,

- 12 -

made initial disclosures, and participated in case management and scheduling negotiations, those actions did not constitute a waiver. *Gimenez v. American Sec. Ins. Co.*, 8:08–cv–2495-T-24-TGW, 2009 WL 257540 at *2 (M.D. Fla. Feb. 3, 2009) (holding "timely complying with the Federal Rules of Civil Procedure and the orders of the Court as well as asserting one's rights as a Defendant in a lawsuit should not be penalized").

The facts in *Jones* are very similar to the facts at hand. 2013 WL 6283483. There, the plaintiff filed a complaint in state court alleging violations of the FCCPA and TCPA. *Id.* at *2. Defendants removed the action to the federal district court and filed a motion to dismiss or stay proceedings and compel arbitration. *Id.* The plaintiff argued that the mere removal was enough to show that the defendant waived the right to arbitrate. *Id.* at 9. The court did not agree, and cited several cases where courts declined to entertain that argument. *Id.* (citing *Gimenez*, 2009 WL 257540; *Losapio v. Comcast Corp.*, 1:10–cv–3438-RWS, 2011 WL 1497652 (N.D. Ga. Apr. 19, 2011); *Lawrence v. Household Bank (SB), N.A.*, 343 F. Supp. 2d 1101, 1113 (M.D. Ala. 2004); *Goff Group., Inc. v. Greenwich Ins. Co.*, 231 F. Supp. 2d 1147, 1155 (M.D. Ala. 2002)).

Here, Plaintiffs filed their lawsuit in March 24, 2015. Doc. 1-1 at 1. Santander was served on April 7, 2015. *Id.* at 3. On April 29, 2015, Santander removed the action to this Court and, with leave of Court, responded to the complaint on May 19, 2015 by filing a Motion to Dismiss Plaintiffs' Complaint and Motion to Compel Arbitration. Docs. 1, 8, 13. After that motion became ripe, Plaintiffs have

twice moved to amend their complaint and were granted leave to do so.   Docs. 23, 26, 47, 49.   Santander responded to each amended complaint in like manner, by filing a motion to dismiss and to compel arbitration.   Docs. 30, 52.   Based on the "totality of the circumstances," the Court does not agree that Santander has acted inconsistent with its right to arbitrate.   *See Garcia*, 699 F. 3d at 1278; *Jones*, 2013 WL 6283483, at *9; *see also Gimenez* 2009 WL 257540, at *2.

### 4.   Whether Denise is subject to the arbitration agreement

It is undisputed that Denise was not a party to the agreement.   "[A]rbitration is a matter of contract [and] the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate."   *Lawson v. Life of the S. Ins. Co.,* 648 F.3d 1166, 1170 (11th Cir.2011) (internal citation omitted).   As noted, state law governs the issue of whether a contract may be enforced against a nonparty, and Florida law applies in this case.   *See Kong*, 750 F.3d at 1302; Doc. 52-1 at 5.   Under Florida law, "[a]n obligation to arbitrate is based on consent."   *Marcus v. Florida Bagels, LLC,* 112 So. 3d 631, 633 (Fla. Dist. Ct. App. 2013).   Generally, nonsignatories to an arbitration agreement cannot compel or be compelled to arbitrate.   *See id.*   As with many rules, however, exceptions apply.

Florida courts have broadly construed arbitration provisions containing the language, "arising out of or relating to," to encompass claims of nonsignatories.   *See e.g., Cuningham Hamilton Quiter, P.A. v. B.L. of Miami, Inc.,* 776 So. 2d 940, 942 (Fla. Dist. Ct. App. 2000); *Vic Potamkin Chevrolet, Inc. v. Bloom,* 386 So. 2d 286, 288 (Fla. Dist. Ct. App. 1980); *Armas v. Prudential Sec., Inc.,* 842 So. 2d 210, 211-12 (Fla.

Dist. Ct. App. 2003); *Betancourt v. Green Tree Servicing, LLC,* No. 8:13-CV-2759-T-30AEP, 2013 WL 6644560 at *2 (M.D. Fla. Dec. 17, 2013) (applying Florida law). "[I]n order for the dispute to be characterized as arising out of or related to the subject matter of the contract . . . it must, at the very least, raise some issue the resolution of which requires a reference to or construction of some portion of the contract itself." *Cuningham Hamilton Quiter, P.A.,* 776 So. 2d at 943 (internal citations omitted).

In this case, the language of the arbitration provision is broad enough to encompass Denise's claims under the arbitration provision.  The agreement states that "[a]ny claim, dispute or controversy . . . whether in contract or tort (intentional or otherwise), whether pre-existing, present or future, and including constitutional, statutory, common law, regulatory, and equitable claims in any way arising from or relating to this Agreement" must be submitted to arbitration.  Doc. 52-1 at 4. Denise's claims are inextricably intertwined with the agreement and depend upon the contractual relationship between the Plaintiffs and Santander as debtor and creditor.

Although Denise was not a party to the agreement, the operative complaint alleges that she became responsible for making all payments under the agreement. Doc. 49 ¶ 10.  Subsequent to Myrtle entering into the agreement, Denise exclusively used the vehicle, made payments on it, and communicated with Santander regarding the account.  *Id.*  Indeed, she alleges that because she "fell behind" on a payment (and because of an "inexplicable 'late fee'"), Santander chose to repossess the vehicle the first time.  *Id.* ¶ 13.  Resolution of the "late fee" would require a reference to the

agreement, which obligates the borrower to "pay Late Charges as specified in the Truth in Lending disclosures on page one." Doc. 52-1. Moreover, Denise's missed payment would require a reference to or construction of some portion of the contract to determine whether there was a default under the agreement. Additionally, Denise's negligence claim is related to the first repossession wherein Denise claims that Santander is jointly and severally liable for the damage to the vehicle while under ABS custody. Doc. 49 ¶¶ 58-63.

Denise's wrongful repossession claim alleges that "Santander appropriated the [v]ehicle for its use without any legal entitlement." *Id.* ¶ 12. Her trespass to chattel claim alleges that Santander "committed an unauthorized act in repossessing the [v]ehicle." *Id.* ¶ 13. Lastly, her conversion claim alleges that "Plaintiffs at all times relevant hereto were the sole individuals with the right to possess the vehicle." *Id.* ¶ 72. All of these allegations require reference to the terms of the agreement, which list the vehicle as security interest for the loan. *See* Doc. 52-1 at 3. Thus, resolution of Denise's statutory claims requires reference to the terms of the agreement that Denise admittedly initially breached by failing to make the required payments. Doc. 49 ¶ 13. Denise's other claims require reference to the terms of the agreement to determine if Santander was entitled under the agreement to repossess the vehicle due to non-payment. Because the Court finds that Denise's claims are encompassed into the broad language of the arbitration provision, it need not consider other alternative theories under which she may be compelled to arbitrate.

III.    Conclusion

Based on the foregoing, pursuant to 9 U.S.C. § 3, the Court recommends that the proceedings be stayed until arbitration has been conducted in accordance with the terms of the Loan Repayment and Security Agreement and that the parties proceed to arbitration pursuant to 9 U.S.C. § 4.[4]

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED**:

1.    Defendant, Santander Consumer USA Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint and Motion to Compel Arbitration (Doc. 52) be **GRANTED** to the extent that Plaintiffs' claims should be submitted to arbitration and the case should be stayed pursuant to 9 U.S.C. § 3.   To the extent Defendant seeks to have the case dismissed, the motion should be **DENIED**,

2.    The case be **STAYED** pending notification by the parties that they have completed the arbitration process and the stay is due to be lifted or the case is due to be dismissed, and

3.    The parties be ordered to file a joint status report with the Court every 90 days, or as the Court so orders, until the matter is resolved.

---

[4] Dismissal of the case due to the arbitrability of Plaintiffs' claims, as Defendant requests, is not appropriate.   Rather, the case should be stayed pending resolution of the arbitration proceedings pursuant to 9 U.S.C. § 3.   *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (*per curiam*).

**DONE** and **ENTERED** in Fort Myers, Florida on this 23rd day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record