UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE MURDOCK and MYRTLE MURDOCK,

    Plaintiffs,

v.                                    Case No: 2:15-cv-268-FtM-38CM

SANTANDER CONSUMER USA INC.,
PATRICK K. WILLIS COMPANY INC.
D/B/A AMERICAN RECOVERY
SERVICE and ABS RECOVERY, INC.,

    Defendants.
_____/

**ORDER**[1]

This matter comes before the Court on United States Magistrate Judge Carol Mirando's Report and Recommendation filed on June 23, 2016. (Doc. #74). Judge Mirando recommends granting Defendant Santander Consumer USA Inc.'s Motion to Compel Arbitration (Doc. #52) and staying this case pursuant to 9 U.S.C. § 3. (Doc. #74). Neither party has filed an objection to the Report and Recommendation and the time to do so has expired. Thus, the Report and Recommendation is ripe for review.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *see also Williams v. Wainwright,*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations, 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

After independently examining the file and upon carefully considering Judge Mirando's findings and recommendations, the Court accepts and adopts the Report and Recommendation (Doc. #74). Accordingly, Plaintiffs and Defendant Santander shall proceed to arbitration.

However, compelling arbitration raises another issue – whether the Court should also stay Plaintiffs' non-arbitrable claims against Defendants Patrick K. Willis Company Inc. and ABS Recovery, Inc., who are not parties to the subject arbitration agreement. It is well settled that a district court has broad authority to stay proceedings incident to its power to control its docket. See Clinton v. Jones, 520 U.S. 681, 706 (1997); *see also* Advanced Bodycare Sols., LLC v. Thione Int'l, Inc., 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances[.]"). Pertinent here, "[w]hen confronted with litigants advancing both arbitrable and nonarbitrable claims . . . courts have discretion to stay nonarbitrable claims." Klay v. All Defendants, 389 F.3d 1191, 1204 (11th Cir. 2004) (citations omitted). "In some cases, of course, it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration. The decision is one left to the district court . . . as a matter of its discretion to control its docket." Moses H. Cone Hosp. v. Mercury

*Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983); *see also U.S. ex rel. Postel Erection Grp., L.L.C. v. Travelers Cas. & Ins. Co. of Am.*, No. 6:12-CV-182-ORL-37, 2012 WL 2505674, at *1 (M.D. Fla. June 28, 2012) ("Regardless of whether a subcontractor is bound by an arbitration clause, a subcontractor's claim against a surety on a payment bond may be stayed pending arbitration between the primary contractor and the subcontractor.").

In this case, a stay of the entire case will promote judicial economy and efficiency. Also, Plaintiffs' claims are commingled with the facts and circumstances being litigated in the arbitration proceeding, and thus it is not feasible to proceed with Plaintiffs' state law claims against Defendants Patrick K. Willis Company and ABS Recovery. *See Klay*, 389 F.3d at 1204 ("Crucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision.").

Accordingly, it is now

**ORDERED:**

(1) The Report and Recommendation (Doc. #74) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

(2) Defendant Santander Consumer USA Inc.'s Motion to Compel Arbitration (Doc. #52) is **GRANTED**. To the extent Defendant Santander seeks to have the case dismissed against it, the Court denies that request.

(3) This case is **STAYED** in its entirety pending notification by Plaintiffs and Defendant Santander that they have completed the arbitration process, and the stay is due to be lifted or the case is due to be dismissed.

(4) Plaintiffs and Defendant Santander shall file a joint status report on or before **October 17, 2016**, and every **ninety (90) days** thereafter until the conclusion of arbitration.

(5) The Clerk of Court is **DIRECTED** to add a stay flag to the docket.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of July, 2016.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record